**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| OAKLEY, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | No. 20-cv-05972 <br> Judge Franklin U. Valderrama |

**ORDER**

Plaintiff Oakley, Inc. alleges claims of patent design infringement against The Partnerships and Unincorporated Associations Identified on Schedule "A" (collectively, the "Defendants"). Plaintiff's pending motion for leave to file under seal (R. 4), *ex parte* motion for a temporary restraining order (R. 10), and motion for electronic service of process (R. 15) are hereby granted. The Temporary Restraining Order is entered, effective 9:30 A.M. on November 9, 2020 and shall expire in fourteen (14) days from the effective date.

**Statement**

Plaintiff's motion for leave to file under seal, *ex parte* motion for a temporary restraining order, and motion for electronic service of process are now before the Court. Before turning to the pending motions, the Court addresses the issue of joinder as a preliminary matter. Plaintiff identifies 68 defendants, e-commerce stores operating under seller aliases ('Seller Aliases"), on Schedule A attached to the Complaint. R. 2. The Court *sua sponte* raised the question of whether joining all "Schedule A" Defendants in this same suit is proper under Federal Rule of Civil Procedure 20. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that the district court should have questioned the plaintiff's joinder of 24 defendants in a single suit). The Court is aware that some judges in this District have raised concerns regarding joinder in these types of counterfeiting cases brought against large numbers of online defendants.[1] Per the Court's request (R. 22), Plaintiff submitted a memorandum in support of its position that joinder is proper in this case (R. 24–24). The Court also held a telephonic hearing during which Plaintiff maintained that joinder was proper. R. 26.

---

[1] *See Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182 (N.D. Ill. 2020) (Chang, J.) (finding that the joinder of 79 online defendants in a trademark infringement case was improper and granting leave for plaintiffs to file an amended complaint narrowing the claims down to a subset of defendants that were properly joined); *Estée Lauder Cosmetics Ltd., et al. v. The Partnerships, et al.*, Dkt. No. 40, No. 20-cv-00845 (N.D. Ill. Jun. 22, 2020) (Lee, J.) (finding that the plaintiffs failed to meet their burden in showing that joinder of all 75 online defendants in a trademark infringement case was proper).

Having reviewed and considered Plaintiff's Complaint, Memorandum Establishing that Joinder is Proper, and oral argument in support, the Court finds that although Plaintiff has not sufficiently demonstrated that the asserted claims arise out of the same transaction or series of transactions, Plaintiff has sufficiently demonstrated that they arise out of the same occurrence or series of occurrences. Therefore, joinder of the "Schedule A" Defendants is proper at this preliminary stage. FED. R. CIV. P. 20(a)(2)(A). The Court additionally notes that no Defendants are prejudiced by permitting joinder at this juncture. *See Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A",* 334 F.R.D. 511, 517 (N.D. Ill. 2020) (Durkin, J.) (noting that no defendants were prejudiced in permitting joinder of 17 internet alias defendants, because no defendant had appeared, and the default judgment process would likely determine the case's outcome). To the extent any defendant appears and objects to joinder, the Court will revisit the issue and is free to sever certain defendants from the case under Rule 21 at that time.[2]

Proceeding to the motions now before the Court, Plaintiff's motion for leave to file under seal (R. 4) is hereby granted. The following documents will remain under seal: (1) Schedule A attached to the Complaint, which lists the fully interactive e-commerce stores operating under the Seller Aliases and the e-commerce store URLs under the Online Marketplaces (R. 2); and (2) Exhibit 1 to the Complaint and Exhibit 4 to the Declaration of Jason Groppe, which include screenshot printouts showing the e-commerce stores operating under the Seller Aliases (R. 3, 14).

Plaintiff's *ex parte* motion for a temporary restraining order (R. 10), which includes a temporary injunction, a temporary asset restraint, and expedited discovery, is hereby granted. Plaintiff's motion supports proceeding (for the time being) on an *ex parte* basis. FED. R. CIV. P. 65(b)(1)(A). Plaintiff has demonstrated that should Defendants be informed of this proceeding before a temporary restraining order could issue, Defendants will likely register new e-commerce stores under new aliases and move assets to offshore bank accounts outside the jurisdiction of the Court. The Court further finds that a temporary restraining order immediately enjoining Defendants' unauthorized and unlawful use of the Oakley designs is warranted here. Plaintiff's allegations and the declarations submitted as evidence demonstrate a likelihood of success on the merits (including evidence of active infringement, *see* Groppe Decl. ¶ 9); that there is no adequate remedy at law; that the harm to Plaintiff is irreparable; and an injunction is in the public interest. *Aon Risk Servs. Companies, Inc. v. Alliant Ins. Servs., Inc.*, 415 F. Supp. 3d 843, 847 (N.D. Ill. 2019) (citing *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002)). An injunction serves the public interest here, because the counterfeit goods are causing consumer confusion, and there is no countervailing harm to Defendants from an Order directing them to stop unlawful design patent infringement. *Volkswagen AG v. iman365-usa*, 2020 WL 977969, at *8 (N.D. Ill. Feb. 28, 2020) ("[E]njoining the Defendant[s] from violating the law cannot, by its very nature, cause the Defendant[s] any harm."); *Luxottica Grp. S.p.A. v. Light in the Box Ltd.*, 2016 WL 6092636, at *9 (N.D. Ill. Oct. 19, 2016) ("Enforcement of the trademark laws prevents consumer confusion and serves the public's interest in not being deceived….") (internal citations and quotations omitted). The Court also finds that the requested temporary asset restraint is warranted at this juncture. As with joinder, should a defendant appear and object to the asset freeze, the Court will revisit the issue. Finally, the Court finds that expedited discovery is warranted to

---

[2] The Court rules on whether joinder is proper on a case-by-case basis, and as such, this ruling is not dispositive of the propriety of joinder in a different case before the Court.

2

identify defendants and to implement the asset freeze. The Temporary Restraining Order is entered, effective 9:30 A.M. on November 9, 2020 and shall expire in fourteen (14) days from the effective date.

Plaintiff's motion for electronic service of process (R. 15) is also hereby granted. Electronic service of process does not violate any treaty and is consistent with due process, because it effectively communicates the pendency of this action to Defendants. *Gianni Versace, S.P.A. v. Yong Peng, et al.*, Dkt. No. 70, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (*citing Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-17 (9th Cir. 2002)).

_____
FRANKLIN U. VALDERRAMA
United States District Court Judge

Dated: November 9, 2020